# NORTHERN DEPARTMENT.
## CENTRAL DIVISION.

THE PHENIX INSURANCE COMPANY OF BROOKLYN, NEW YORK, v. M. J. ARNOLDY *et al.*
### No. 39.

1. PLEADING — *motion to make definite and certain, properly overruled.* When, after the issues in an action are made up and upon the day of trial, the petition by leave of the court is permitted to be amended in a manner that clearly makes it more definite and certain, and this amendment is attacked by motion to make it more definite and certain, the court should construe the amendment in connection with the pleadings filed so as to give it full force and effect; and, unless it clearly appears that the defendant is or has been misled, it is not error to overrule the motion.

2. —— *that an insurance company requested policy holder not to perform conditions of policy, sufficient allegation of waiver.* In an action to recover on a policy of fire insurance for a loss, where the plaintiff relies upon a waiver by the defendant of the performance of certain conditions of the policy, and the plaintiff alleges that the conditions are not performed because the said defendant company or its agents directed and requested the plaintiff not to do and perform the same, such petition states a waiver with sufficient certainty and is a statement of facts.

3. DEMURRER TO EVIDENCE — *not sustained when evidence tends to prove all material allegations.* Where there is evidence tending to prove all the material allegations of the plaintiff's petition, a demurrer to the evidence should not be sustained.

Error from Osborne District Court. Hon. Cyrus Heren, Judge. Opinion filed December 12, 1896. *Affirmed.*

This was an action on a policy of insurance, issued by the plaintiff in error to the defendants in error as executors. The principal allegations of error were, that the trial court erred in overruling the motion of the

plaintiff in error to require the amended petition to be made definite and certain; that the allegations of a waiver by the Company of certain conditions in the policy were insufficient to warrant a recovery; and that the trial court admitted incompetent evidence.

In the amended petition the plaintiffs admitted that some of the conditions of the policy had not been complied with by them. They had failed to notify the Company in writing of the loss; they had not rendered the Company a particular and specific account of the loss within the time specified by the policy; and when they did furnish the account they omitted some of the statements and specifications the policy required. They alleged in the amended petition that the reason why they had not done these things was, that "the Company and its agents directed and requested the plaintiffs not to do and perform said conditions."

The plaintiff in error, defendant below, moved the court to require the petition to be made definite and certain, by stating "what statements and certificates were not included" in the account rendered, and by stating "what agents of the defendant, if any, directed plaintiffs not to make out a notice of loss and a particular and specific account of said loss." This motion was overruled.

On the trial the holders of the policy contended that Huff was the agent of the Company and had given them certain instructions as to what they should do in the adjustment of the loss. The Company contended that no sufficient proof of Huff's agency was adduced, and that, for that reason, the evidence of the part he took in the transaction was incompetent. Several other allegations of error were made by the plaintiff in error, but the facts are sufficiently stated in the opinion.

176     PHENIX INS. CO. v. ARNOLDY.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

*H. M. Jackson*, for plaintiff in error.

*Clark A. Smith*, for defendants in error M. J. Arnoldy and Augusta May.

GILKESON, P. J.  The plaintiff in error contends that the amendment is indefinite and uncertain, and that for this reason the Insurance Company had no opportunity to prepare for trial on any of the issues so pretended to be presented.  While we are willing to concede that the allegations might be more definite and certain, yet, from an examination of the record, we cannot see that the Insurance Company was prejudiced in the least by the overruling of this motion.  How the Company could be better prepared by having the plaintiffs tell it the names of the agents who had been connected with this loss, we are unable to see. It certainly had as much knowledge of this fact as the plaintiffs could possibly have had.  We think that a fair construction of the language of the amended petition fully apprised the Company of the time of the alleged furnishing of the account of loss, and of the time of making the request. The amended petition expressly states that the plaintiffs failed to notify the Company in writing of the loss, and failed to render the Company a particular and specific account of the loss within the time specified by the policy ; but that they did afterward, and long before the commencement of this action, actually furnish the defendant an account, in which they failed to include some of the statements and certificates mentioned in paragraph nine of the policy ; and that the reason for their failure to furnish the account in time, and for omitting certain items required

1. Petition sufficiently definite and certain.

in paragraph nine, was, because the Company and its agents directed and requested the plaintiffs not to do and perform those conditions, and that the Company thereby waived the performance of those conditions. It is true that the amended petition does not allege that the statement or account which they did furnish was furnished sixty days before the commencement of this action, but the Insurance Company makes no complaint of this in its answer. And from an examination of the record we find that, from the time of the loss and the expiration of the thirty days to the commencement of the suit there was ample time, even if the other notice had not been given until the expiration of the thirty days, for it to have been given sixty days prior to the commencement of this action.

We think the amended petition should receive the construction placed upon it by the defendants in error; that is, that the plaintiffs did perform all the conditions long before the commencement of the action, but did not perform some of them within the time required; and that the reason of this non-performance within the time was, that they were requested by the Company and its agents not to do so. The plaintiffs, in order to recover, must establish either the performance of the conditions of the contract, or a waiver on the part of the Company. If they rely on either, they must plead and prove it. In this case a waiver was relied upon, and it was pleaded with sufficient certainty. But it is contended that this

2. Sufficient allegation of waiver.

waiver states only conclusions and not facts. We think not. It expressly states that the non-performance "was and is, because the said defendant Company and its agents directed and requested the plaintiffs not to do and perform said conditions, and said Company thereby waived the

178 · PHENIX INS. CO. v. ARNOLDY.

N. Dept. Opinion. Gilkeson, P. J. 5 Kan. App.

performance of said conditions.'' Is not the allegation that the request was made and direction given the allegation of a fact?

The third specification of error is the admission of incompetent evidence. It is claimed that there is no evidence of Huff's agency and that, consequently, evidence of what he did was incompetent. We cannot agree with plaintiff in error in this. Huff issued this policy and signed it as agent; and, by the terms of the policy, it did not become effective until it was countersigned by Huff; he made changes in the policy after it was issued; he was authorized to adjust a former loss under this policy, and had waived notice as to that loss; he notified the Company of what he had done, particularly what he had directed Arnoldy to do with reference to notice and proof of loss; he told the adjuster Hamlin of what he had done; he told the special agent and adjuster Bailey about the fire and what had been done; and, with regard to Bailey and Hamlin, they were certainly shown to have been the adjusting agents of the Company. The evidence objected to only tends to prove by the conversation of the agents that the Company waived proof of loss. Concede this to be weak, or strike it all out, and there is ample uncontradicted evidence to sustain the findings of the jury that Huff had abundant authority to waive the proof of loss, and that he did so. And it must be noted in this connection that neither the general agent, Birch, nor either of the adjusters, Hamlin and Bailey, although they had full knowledge of agent Huff's assumption of authority and directions to Arnoldy, ever repudiated his claim of authority, or advised Arnoldy not to rely upon it.

The fourth specification of error is the exclusion of evidence offered by the Insurance Company with ref-

erence to a question asked the witness Pugh. It was in reference to alterations made in the policy. That was not an issue in this case, and the evidence was immaterial.

The fifth specification of error is the overruling of the demurrer to the evidence. It is well 3. Demurrer to evidence overruled, when. established in this State, that, when there is evidence tending to prove all the material allegations of the plaintiff's petition, a demurrer thereto should not be sustained.

It is urged that the court erred in refusing certain instructions and in giving others. As to those refused, we perceive no error; and we think the trial court in the general charge fully and fairly laid down the law applicable to the testimony in this case.

There are other errors assigned by counsel which we will not attempt to discuss in detail. We have carefully examined each assignment, and fail to discover any reversible errror therein. We think the special findings are fully sustained by the evidence, and we fail to discover wherein the defendant Company has been precluded from having a fair, full and impartial trial.

The judgment will therefore be affirmed.